**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Boris Kats, *et al*.,

Plaintiffs,

Civ. No. 07-479 (RHK/AJB)
**MEMORANDUM OPINION AND ORDER**

v.

Denise Frazier, *et al*.,

Defendants.

---

Marc Prokosch, Karam & Associates, Bloomington, Minnesota, for Plaintiffs.

D. Gerald Wilhelm, Assistant United States Attorney, Minneapolis, Minnesota, for Defendants.

---

This matter is before the Court on Plaintiff Boris Kats's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. No. 25) (the "Fee Application"). For the reasons set forth below, the Court will grant the Fee Application in part and deny it in part.

**BACKGROUND**

Kats is a citizen of the former Soviet Union who filed an application for naturalization (the "Application") on March 21, 2006. On July 24, 2006, pursuant to 8 C.F.R. § 335.2, the Bureau of Citizenship and Immigration Services ("CIS") interviewed Kats concerning his Application, at which time he passed the required English-language-proficiency evaluation and a test concerning his knowledge and understanding of United

States government and history. The only remaining hurdle for the Application to be finally adjudicated, therefore, was a Federal Bureau of Investigation name check. See 8 C.F.R. § 335.2(b).

When Kats's name check had not been completed by January 2007, he (along with three others in the same situation) commenced the instant action, seeking an Order compelling CIS to complete his name check and adjudicate the Application. Defendants moved to dismiss; on November 29, 2007, Magistrate Judge Boylan recommended that Defendants' Motion be denied and that the matter be remanded to CIS with instructions to adjudicate the Application within 180 days. No objections to that recommendation were filed, and the Court adopted it on December 26, 2007. On remand, CIS granted the Application, and Kats was naturalized on April 16, 2008.

Kats now seeks an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA").

**ANALYSIS**

The EAJA provides, in pertinent part, that a court shall award to "a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought . . . against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Defendants argue that an award of fees and costs should not be made here because (1) Kats is not a "prevailing party," (2) their position was "substantially justified," and (3) the Fee Application is premature. (Mem. in Opp'n at 6-

11.) The Court rejects these arguments.

Prevailing party. Defendants argue that Kats is not a prevailing party because he merely achieved remand to CIS with instructions to adjudicate the Application within 180 days. According to Defendants, Kats's "naturalization application was still pending after the remand, in exactly the position it was before" and, hence, Kats did not "prevail." (Mem. in Opp'n at 9-10.) The Court recently rejected a similar argument in Aarda v. United States Citizenship & Immigration Services, Civ. No. 06-1561, 2008 WL 974916, at *4-5 (D. Minn. Apr. 8, 2008) (Kyle, J.). As the Court noted in Aarda, by remanding this matter to CIS with instructions to adjudicate the Application within a specified period of time, the legal relationship between Kats and Defendants was altered. Id. at *4. Indeed, as Defendants' own brief indicates, many aliens like Kats have been required to wait for several years before their naturalization applications were finally adjudicated by CIS. There is no reason to suspect anything less would have happened here absent Court intervention. Simply put, the Court sped up the process by remanding the Application to CIS with a deadline for its adjudication. Kats, therefore, achieved real relief in this case and is a "prevailing party." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

Substantial justification. Defendants argue that their position was "substantially justified" because the delay in adjudicating Kats's Application was reasonable. In support, they note that Kats filed this action only 69 days after the expiration of the 120-day period prescribed in 8 U.S.C. § 1447(b) for adjudicating naturalization applications. (See Def. Mem. at 7.) In other words, Defendants argue that Kats's rapid commencement

of this lawsuit retroactively rendered their inaction "substantially justified" and that Kats should be penalized (by denying him fees) simply because he chose to act quickly to vindicate his statutory rights. The Court finds no support for that argument in the EAJA or in the case law, and the Court does not believe that Defendants should be rewarded simply because Kats opted to litigate more quickly than other aliens in the same predicament as him. Moreover, accepting Defendants' argument would mean that an alien's naturalization application would have to linger without adjudication for many months, if not years, before fees could be awarded. Such a result would be inconsistent with 8 U.S.C. § 1447(b), which *mandates* the completion of background checks within 120 days of an alien's interview.

Defendants also argue that an award of fees here will encourage more frequent use of mandamus actions like case *sub judice*. Defendants may well be correct, but the Court perceives no reason why that result should not be encouraged. The law is clear: Defendants must complete the requisite background checks within 120 days of the applicant's interview. If Defendants choose to flout this statutory mandate, they run the risk of a lawsuit like this one and the potential for an award of fees under the EAJA that comes with it.

Timeliness. Finally, Defendants argue that Kats's Fee Application is premature because there has been no final judgment entered in this action. Assuming *arguendo* that Defendants are correct, an award of fees under the EAJA may still be properly made. See Aarda, 2008 WL 974916, at *2-3. For the reasons stated in Aarda, which the Court will not repeat here, Defendants' argument fails.

Defendants raise no other arguments why Kats should not be awarded fees and costs under the EAJA, and the Court concludes that such an award is warranted. All that remains, therefore, is to determine the appropriate amount of such an award. Defendants have not objected to the hourly rate Kats's counsel seeks, the number of hours counsel expended, or the costs incurred in connection with Kats's case. While the Court believes that the hours expended and the costs incurred were reasonable and should be fully compensated, it believes that a reduction in the hourly rate sought by Kats's counsel ($225) is appropriate.

The EAJA permits a prevailing party to recover "fees and other expenses" incurred in the litigation. 28 U.S.C. § 2412(d)(1)(A). The term "fees and other expenses" includes "reasonable attorney fees," with a caveat: "The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. § 2412(d)(2)(A). As the Court noted in Aarda, when adjusted upward for

inflation using the Consumer Price Index, the statutory hourly rate of $125 becomes $169 per hour. See 2008 WL 974916, at *7. And, like in Aarda, the Court believes that such an enhancement is appropriate here to reflect cost-of-living increases.

Kats, however, requests an upward adjustment to $225 per hour, arguing that such a rate is warranted because of the intricacies of immigration law and because $225 is less than the rate awarded in similar cases. (See Pl. Mem. at 9-11.) For the reasons set forth in Aarda, the Court rejects that request. See 2008 WL 974916, at *8. Accordingly, the Court will award fees at an hourly rate of $169.

As a result of the foregoing, the Court concludes that Kats is entitled to recover attorney's fees in the amount of $2,247.70.[1] Plaintiff also is entitled to recover costs in the amount of $280.10.[2] In total, therefore, Plaintiff shall be awarded $2,527.80 in attorney's fees and costs.

Finally, the Court notes that judgment has not been entered on Kats's claims, which are now moot. Accordingly, the Court will direct the entry of judgment dismissing those claims.

## CONCLUSION

---

[1] Kats's counsel expended 20.4 hours on this case when it involved four Plaintiffs; accordingly, counsel has requested reimbursement for only one-quarter of those 20.4 hours, *i.e.*, 5.1 hours. Counsel also expended an additional 8.2 hours solely in connection with Kats's case. The amount of the fee award, therefore, is calculated as 13.3 hours (5.1 + 8.2) x $169 per hour = $2,247.70.

[2] These costs are set forth on page 12 of Plaintiff's Memorandum and in paragraphs 8-10 of the Declaration of Marc Prokosch.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff Boris Kats's Motion for Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act (Doc. No. 25) is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff is entitled to judgment in the amount of $2,527.80 in attorney's fees and costs. It is furthered **ORDERED** that the remaining claims in the Complaint (Doc. No. 1) are **DISMISSED WITH PREJUDICE** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 30, 2008

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge